UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 13

Debra Ann Slater,                               Case No. 07-61222
f/k/a Debra Ann Olszewski,
                                                Hon. Phillip J. Shefferly
        Debtor.
_____/


**ORDER (1) GRANTING IN PART DEBTOR'S MOTION
FOR SANCTIONS AND OTHER RELIEF AGAINST STERLING
MORTGAGE AND INVESTMENT COMPANY; AND (2) SCHEDULING
CONTINUED HEARING ON DEBTOR'S MOTION TO CONSIDER ADDITIONAL RELIEF**

On October 20, 2007, the Debtor filed this Chapter 13 case. Sterling Mortgage and Investment ("Sterling") filed a proof of claim secured by a mortgage on the Debtor's residence. On March 25, 2008, the Court entered an order confirming the Debtor's plan ("Order Confirming Plan") (docket entry no. 35). The Debtor's plan provided for Sterling's claim to be treated as a class 2 claim pursuant to § 1322(b)(5) of the Bankruptcy Code, with the arrearage owing on it to be paid over 36 months as a class 4 claim. Through its attorney, Eden Allyn, Sterling actively participated throughout the Debtor's Chapter 13 case. The Order Confirming Plan was signed by Eden Allyn as attorney for Sterling.

On February 8, 2012, the Chapter 13 Trustee filed a notice of final cure payment and notice of completion of plan payments ("Notice") (docket entry no. 40). The Notice states on its face that the holder of a mortgage on the Debtor's residence whose claim is treated under the plan

pursuant to § 1322(b)(5) must file and serve a response to the Notice pursuant to Fed. R. Bankr. P. 3002.1(g) within 21 days of the Notice. Sterling failed to file a response to the Notice. On June 4, 2012, the Court entered an order discharging debtor after completion of plan payments ("Discharge Order") (docket entry no. 46). The Discharge Order contains the following finding:

> with respect to secured claims which continue beyond the term of the plan, any pre-petition or post-petition defaults have been cured and such claims are in all respects current, with no escrow balance, late charges, costs or attorney fees owing, and that the debtor has fulfilled all requirements under the plan.

Paragraph 6 of the Discharge Order provides that "All creditors who hold secured claims which continue beyond the term of the plan shall take no action inconsistent with the above findings." After the Discharge Order was entered, the case was closed.

On August 17, 2012, at the Debtor's request, the Court reopened the case to permit the Debtor to take action regarding what the Debtor described as a "mortgage modification" that Sterling required the Debtor to sign on June 29, 2012. On September 7, 2012, the Debtor filed and served on Sterling a motion ("Motion") (docket entry no. 53) seeking to rescind the mortgage modification and for sanctions for violations of various Bankruptcy Code provisions. Sterling did not file any response to the Motion. On November 10, 2012, the Debtor filed a certificate of no response to the Motion, and requested the Court enter an order granting the Motion and awarding the Debtor various forms of relief, including rescission of the mortgage modification, an award of attorney fees, and an award of punitive damages. On November 14, 2012, the Court entered an order scheduling a hearing on the Motion. On December 10, 2012, the Court held the hearing.

Based upon the unrefuted allegations contained in the Motion, the Debtor's affidavit filed in support of the Motion (docket entry no. 57), and the Debtor's brief in support of the Motion (docket entry no. 58), together with the statements made by the Debtor and her attorney at the hearing on December 10, 2012, the Court makes the following findings of fact and conclusions of law.

First, Sterling failed to file a response to the Notice as required by Fed. R. Bankr. P. 3002.1(g). Second, Sterling's failure to file the response required by Fed. R. Bankr. P. 3002.1(g) precludes Sterling from now objecting to or disagreeing with the Notice. Third, Sterling required the Debtor to sign a mortgage modification on June 29, 2012 that states that the Debtor owes an outstanding balance on Sterling's claim that does not credit the Debtor for all of the payments that she made to Sterling under her confirmed plan. The mortgage modification is therefore inconsistent with the Notice, which states that the Debtor has made all of the payments required to be made by her plan and by the Order Confirming Plan. Fourth, the mortgage modification is of no force and effect because it violates the Order Confirming Plan and the Discharge Order. Fifth, the failure of Sterling to file a response required under Fed. R. Bankr. P. 3002.1(g) permits this Court to impose remedies under Fed. R. Bankr. P. 3002.1(i)(1) and (2), including an award of reasonable expenses and attorney's fees incurred by the Debtor in having to file and prosecute the Motion. Sixth, the actions taken by Sterling to have the Debtor sign the mortgage modification are inconsistent with the Order Confirming Plan, the Notice, and the Discharge Order, and warrant an award of sanctions in favor of the Debtor and against

-3-

07-61222-pjs    Doc 60    Filed 12/11/12    Entered 12/11/12 12:23:07    Page 3 of 5

Sterling. Accordingly, for the reasons explained on the record at the hearing on December 10, 2012, all of which are incorporated herein,

**IT IS HEREBY ORDERED** that the mortgage modification that Sterling required the Debtor to sign on June 29, 2012 is void and unenforceable.

**IT IS FURTHER ORDERED** that because of Sterling's failure to file the response to the Notice required under Fed. R. Bankr. P. 3002.1(g), the Debtor is awarded her reasonable expenses and attorney fees caused by such failure, including all of the attorney fees expended in filing and prosecuting the Motion.

**IT IS FURTHER ORDERED** that the hearing on the Motion is continued until **January 14, 2013 at 2:00 p.m.**, before the Honorable Phillip J. Shefferly, in Courtroom 1975, 211 West Fort Street, Detroit, Michigan 48226.

**IT IS FURTHER ORDERED** that at the adjourned hearing, the Court will consider whether to award additional damages and impose additional remedies under Fed. R. Bankr. P. 3002.1(i) because of Sterling's actions taken in having the Debtor sign the mortgage modification in violation of the Order Confirming Plan, the Notice, and the Discharge Order, as well as its failure to file the required response under Fed. R. Bankr. P. 3002.1(g).

**IT IS FURTHER ORDERED** that the attorney of record for Sterling, Eden Allyn, Allyn Smith Law Group PC, 31333 West Thirteen Mile Road, Farmington Hills, Michigan 48334, must appear at the adjourned hearing, together with a representative of Sterling, to answer the Court's questions regarding Sterling's actions in requiring the Debtor to sign a mortgage modification in

violation of the Order Confirming Plan, the Notice, and the Discharge Order, and to answer the Court's questions regarding Sterling's failure to comply with Fed. R. Bankr. P. 3002.1(g).

**IT IS FURTHER ORDERED** that the Debtor may introduce testimony and other evidence at the adjourned hearing in support of the Debtor's request for additional relief against Sterling.

**IT IS FURTHER ORDERED** that the Debtor shall file with the Court no later than 14 days after the conclusion of the adjourned hearing, an affidavit setting forth the Debtor's attorney fees incurred in filing and prosecuting the Motion.

.

**Signed on December 11, 2012**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**